JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x

EMERSON DAWSON,

14 CV 1643

                   Plaintiff,

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

       -against-

THE CITY OF NEW YORK and
SERGEANT EDSON GARCIA,
POLICE OFFICER ALEXIS
DEJESUS, and POLICE OFFICERS
JOHN DOES, Individually and in their
 Official Capacities,

                  Defendants.
-----------------------------------------------------x

RECEIVED
MAR 10 2014
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff, EMERSON DAWSON, by and through his attorneys, **Fisher, Byrialsen &**

**Kreizer PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

      1. This is a civil rights action in which the plaintiff, Emerson Dawson, seeks relief for

defendants' violations, under color of state law, of his rights, privileges and immunities secured

by the 42 U.S.C. *§* 1983; the Fourth, Fifth and Fourteenth Amendments to the United States

Constitution; and the Constitution and laws of the State of New York.

      2. Defendants, the CITY OF NEW YORK and NEW YORK CITY POLICE OFFICERS,

SERGEANT EDSON GARCIA (Shield #3164), POLICE OFFICER ALEXIS DEJESUS (Shield

# 001421), and JOHN DOES; individually and, as the case may be, in their official capacities,

jointly and severally, did cause plaintiff Emerson Dawson to be subject to, *inter alia*, an

unreasonable search, false arrest and imprisonment, and malicious prosecution, causing his loss

of liberty and physical and mental injury.

1

3. Plaintiff seeks (i) compensatory damages for psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional laws; and (iii) such other and further relief, including costs and attorneys fees, as this court deems equitable and just.

<strong><u>JURISDICTION</u></strong>

4. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

6. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

<strong><u>VENUE</u></strong>

7. Venue is properly laid in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(2), this being the District in which the claims arose.

<strong><u>TRIAL BY JURY</u></strong>

8. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

9.  At all times relevant hereto Plaintiff was and is a resident of the County of the Bronx in the State of New York.

10.  At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

11.  At all times relevant to this action, defendants, SERGEANT EDSON GARCIA, POLICE OFFICER ALEXIS DEJESUS and POLICE OFFICERS JOHN DOES, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.  They are being sued in both their individual and official capacities.

12.  At all times relevant hereto and in all their actions described herein, the Defendants SERGEANT EDSON GARCIA, POLICE OFFICER ALEXIS DEJESUS and POLICE OFFICERS JOHN DOES, were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

13.  NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD.  They are being sued both in their individual and official capacities.

3

## FACTS

14. On August 14, 2013 at or around 12:30 p.m., plaintiff Emerson Dawson (hereinafter "Mr. Dawson") finished working his shift at his place of employment, and went to his aunt at her apartment.

15. Mr. Dawson's aunt resides at 1515 Macombs Road in the Bronx, New York.

16. When he arrived at his aunt's apartment building at around 2:00 p.m., Mr. Dawson waited for her at the park located across the street, specifically, at the corner of Macombs Road and Global Place.

17. At the time of and prior to his arrest, Mr. Dawson had not engaged in any illegal or suspicious activities.

18. At approximately 3:00 p.m. he observed an unmarked police vehicle traveling at a high rate of speed in the wrong direction of traffic on Global Place.

19. The police vehicle came to a stop and Police Officer Alexis DeJesus (hereinafter "P.O. DeJesus") and another police officer exited their vehicle and walked towards Plaintiff.

20. At or around the same time, Mr. Dawson also observed Sergeant Edson Garcia (hereinafter "Sergeant Garcia") pull up onto Global Place in a marked police vehicle, park said vehicle and exit the same.

21. P.O. DeJesus approached Mr. Dawson while Sergeant Garcia and the other police officer approached two other men who had no connection to Mr. Dawson, were not standing with Mr. Dawson, and who were not interacting with Mr. Dawson in any way at anytime.

22. Without asking Mr. Dawson any questions, P.O. DeJesus grabbed Mr. Dawson by his wrists, accused him of possession of marijuana and handcuffed him.

4

23. The other two male civilians were also handcuffed.

24. The officers then conducted a comprehensive search of Mr. Dawson and the other two men, where about the officers patted down their bodies and searched through their clothing, pockets and belongings.

25. Despite the fact that the officers did not find illegal contraband or weapons on Mr. Dawson's person, they refused to release him and he was commanded to sit on a bench for twenty minutes and await further instruction.

26. Eventually Sergeant Garcia escorted Mr. Dawson and one of the other civilian men to his police vehicle and forced them inside the back of the same.

27. While Mr. Dawson was in the police vehicle he asked why he was being brought to the precinct when no illegal substance or contraband was found on him, and Sergeant Garcia responded, "Well, that's okay. We're going to make a little money on over-time."

28. Shortly thereafter, Mr. Dawson arrived at the 44th precinct and was processed and stripped of his property.

29. Mr. Dawson was then commanded to follow two officers into a hallway where he was forced to pull down his under-garments and squat so that the officers could strip search him.

30. Said hallway was not enclosed and the strip search was conducted in an area where others could observe the strip search being conducted.

31. Again, the officers found nothing on Mr. Dawson's person, but proceeded to place him into an overcrowded holding area, where he was left standing for over an hour, as there was no bench or other place for him to sit.

32. He was later fingerprinted, and then sent back into the same holding area.

5

33. After being wrongfully detained for many hours, Mr. Dawson was released at or around 11:00 p.m. with a desk appearance ticket, which required that he appear on October 9, 2013.

34. During his substantial time in the holding area, Mr. Dawson was never asked if he needed water or something to eat.

35. Mr. Dawson appeared before a judge on October 9, 2013 and was arraigned on charges of Criminal Possession of Marijuana in violation of P. L. § 221.10(1) and Unlawful Possession of Marijuana in violation of P.L.§ 221.05.

36. On January 14, 2014, Mr. Dawson again appeared in court, and all charges against him were dismissed and sealed.

37. As a result of this incident, Mr. Dawson suffered from emotional trauma, humiliation and distress as well as financial damages relating to lost time from work.

38. To this day, he relives the alarming day through flashbacks and suffers from the pent up frustration and fear towards police officers.

39. His daily activities are constantly affected and constrained by this fear.

### FIRST CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS
### (General Allegations, Fourth, Fifth and Fourteenth Amendments)

40. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

41. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

6

42. All of the aforementioned acts deprived plaintiff of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, including, but not limited to:

a. the right to be free from unreasonable searches of his person,

b. the right to be free from unreasonable seizure of his person, including excessive force,

c. the right to be free from arrest without probable cause,

d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which detention, plaintiff was aware and to which he did not consent.

e. the right to be free from the lodging of false charges against him by police officers,

f. the right to be free from abuse of process,

g. the right to be free from deprivation of liberty without due process of law, and

h. the right to equal protection, privileges and immunities under the laws.

43. All of the aforementioned acts were carried out in violation of 42 U.S.C. § 1983.

44. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

7

46.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

47.  By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST

48.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

49.  As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

50.  As a result of her false arrest, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of his liberty.

51.  All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage.

## THIRD CLAIM FOR RELIEF:
## FALSE IMPRISONMENT

52.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

8

53. As a result of his false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty.

54. All of the aforementioned acts of the Defendants constituted false imprisonment under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage.  Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims that pertain to state law.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION

55. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56. By the actions described above the CITY OF NEW YORK AND NEW YORK CITY POLICE OFFICERS, SERGEANT EDSON GARCIA, POLICE OFFICER ALEXIS DEJESUS, and JOHN DOES; maliciously and without probable cause, prosecuted Plaintiff Emerson Dawson.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law right as guaranteed by the laws and constitution of the State of New York.

57. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

### FIFTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

58. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59. The acts complained of herein were carried out by the Defendant officers in their capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

60. Prior to August 14, 2013, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which caused the violation of Plaintiff's rights.

61. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

62. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by persons in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

63. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

64. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

66. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

68. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

69. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

70. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

        a.      Not to be deprived of liberty without due process of law;

11

b.  To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

c.  To be protected against violations of his civil and constitutional rights;

d.  Not to have cruel and unusual punishment imposed upon him; and

e.  To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:      New York, New York
            March 10, 2014

                                Respectfully submitted,

                                *Lara H. Weissman*

                                Lara H. Weissman, Esq.
                                FISHER, BYRIALSEN & KREIZER PLLC
                                *Attorney for Plaintiff*
                                291 Broadway, Suite 709
                                New York, New York 10007
                                (212) 962-0848

12